**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

COUNTY OF LEON,

          Plaintiff,

   vs.

PURDUE PHARMA L.P., et al.

          Defendants.

Case No.: 4:18-cv-4709

**DEFENDANTS PURDUE PHARMA L.P., PURDUE PHARMA INC.,
AND THE PURDUE FREDERICK COMPANY INC.'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively, "Purdue") hereby give notice of removal of this action, captioned *County of Leon v. Purdue Pharma L.P., et al.,* bearing Cause No. 18-0415CV, filed in the 369th Judicial District Court of Leon County, Texas, and currently pending in the Texas Opioid MDL in the 152nd Judicial District Court of Harris County, Texas under Cause No. 2018-87391, to the United States District Court for the Southern District of Texas.  This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**BACKGROUND**

1.      On November 13, 2018, Plaintiff, County of Leon, filed a Petition in the 369th Judicial District Court of Leon County, Texas against the following defendants:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceutical Industries,

Ltd.; Teva Pharmaceuticals USA, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Abbot Laboratories; AbbVie Inc.; Knoll Pharmaceutical Company, a wholly-owned subsidiary of Abbott Laboratories; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Insys Manufacturing LLC, a wholly-owned subsidiary of Insys Therapeutics, Inc.; Mallinckrodt plc; McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation; and AmerisourceBergen Drug Corporation.[1]

2.      As discussed below, all Defendants are citizens of states or foreign states other than Texas.

3.      Purdue received the Petition through service on November 14, 2018.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Purdue is attached hereto. (See Exhibit 1-4).

4.      On June 13, 2018, the Texas MDL Panel granted Motions to Transfer in Docket No. 18-0358, styled *In re Texas Opioid Litigation,* and created the Texas Opioid MDL.  (Order Granting Motions to Transfer, attached at Exhibit 7.)  The Texas Opioid MDL is assigned to the 152nd Judicial District Court in Harris County, Texas.

5.      On December 7, 2018, this case was transferred as a tag-along to the Texas Opioid MDL.

---

[1] On December 5, 2017, the Judicial Panel on Multidistrict Litigation issued an order creating a Multidistrict Litigation ("MDL") that would include this case.  *See In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).  Dozens of state opioid-related actions have been removed to federal court and transferred to the MDL.

**VENUE AND JURISDICTION**

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 124, 1391, 1441(a), and 1446(a) because this case is currently pending, as part of the Texas Opioid MDL, in the 152nd Judicial District Court, in Harris County, Texas.  The 152nd Judicial District Court is a state court within the Southern District of Texas.

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

**I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

8.     There is complete diversity of citizenship because Plaintiff is a Texas citizen and all Defendants are citizens of states or foreign states other than Texas.

**A.     Plaintiff Is A Citizen of Texas**

9.     County of Leon is a citizen of Texas for purposes of diversity jurisdiction.  *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.") (citation omitted).

**B.     None of the Defendants Is A Citizen of Texas**

10.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S.

Ct. 1012, 1015 (2016).   A limited liability company is a citizen of every state in which its members are citizens.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

11.     Applying these principles, none of the Defendants is a citizen of Texas.

12.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Texas.  Its partners are citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands.   Its principal place of business is Stamford, Connecticut.  (Pet. ¶ 25.)

13.     On December 20, 2017, a similar opioid-related action was remanded to state court for lack of diversity jurisdiction because one of the ultimate owners of Purdue Pharma L.P. was—at that time—a citizen of Texas based on the residence of one trustee.  *See County of Hopkins v. Endo Health Solutions Inc.*, No. 4:17-cv-00845-ALM (E.D. Tex. 2017), Doc. 33 (Mem. Op. & Order).  However, after *County of Hopkins* was remanded, but before this action was filed, the citizenship of Purdue Pharma L.P. changed.  Specifically, the trustee who was previously located in Texas moved to another state and no longer resides in Texas.  Accordingly, Purdue Pharma L.P. is not a citizen of Texas today and was not a citizen of Texas when this case was filed.  *See OJB, Inc. v. Dowell*, 650 F. Supp. 42, 43-44 (N.D. Tex. 1986) ("The general rule is that when diversity is the basis of jurisdiction, complete diversity must exist both at the time of filing the original action and at the time of removal.") (citing *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D. Tex. 1985)) (alteration in original).

14.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (Pet. ¶ 25.)

15.     Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.  (*Id.*)

16.     Defendant Teva Pharmaceutical Industries, Ltd. is an Israel corporation with its principal place of business in Israel.

17.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.

18.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 27.)

19.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  Janssen Pharmaceuticals, Inc. is a wholly owned subsidiary of Johnson & Johnson.  (*Id.*)

20.     Defendant   Ortho-McNeil-Janssen   Pharmaceuticals,   Inc.   n/k/a   Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

21.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

22.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.* ¶ 29.)

23.     Defendant Endo Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

24.     Defendant Abbot Laboratories, Inc. is an Illinois corporation with its principal place of business in Abbott Park, Illinois.

25.     Defendant AbbVie Inc. is a Delaware corporation with its principal place of business in North Chicago, Illinois.  (*Id.* ¶ 31.)

26.     Defendant Knoll Pharmaceutical Company is a New Jersey corporation with its principal place of business in Parsippany, New Jersey.  Knoll Pharmaceutical Company is a wholly-owned subsidiary of AbbVie Inc.  (*Id.*)

27.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.  (*Id.* ¶ 34.)

28.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.  Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C.  Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.  (*Id.*)

29.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Corona, California.  (*Id.*)

30.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  (*Id.*)  Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.  Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Corona, California.  (*See id.*)

31.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a Delaware corporation with its principal place of business in Parsippany, New Jersey.  (*Id.*)

32.     Defendant Insys Therapeutics, Inc. is a Delaware corporation with its principal place of business in Chandler, Arizona.  (*Id.* ¶ 37.)

33.     Defendant Insys Manufacturing LLC is a limited liability company registered in Delaware whose sole member is Insys Development Company, Inc. Insys Development Company, Inc. is a Delaware corporation with its principal place of business in Chandler, AZ.

Although the Petition alleges that Insys Manufacturing LLC's principal place of business is Round Rock, Texas (*Id.* ¶ 37), the citizenship of an LLC is that of its members, not its principal place of business.  *See Harvey*, 542 F.3d at 1080.

34.    Defendant Mallinckrodt plc is an Irish public limited company with its principal place of business in Staines-Upon-Thames, Surrey, United Kingdom.  (Pet. ¶ 39.)

35.    Defendant McKesson Corporation is a corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.  (*Id.* ¶ 41.)

36.    Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Ohio.  (*Id.* ¶ 42.)

37.    Defendant AmerisourceBergen Corporation is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.

38.    Defendant AmerisourceBergen Drug Corporation is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania.  (*Id.* ¶ 43.)

39.    Accordingly, all Defendants are citizens of states or foreign states other than Texas.[2]

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

40.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*. at 553.  In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages,

---

[2] The Petition's citizenship allegations also refer to an entity called AbbVie Inc., which is not named as a defendant in the caption.

as well as punitive damages.  *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998).

41.     Here, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Petition asserts that the Plaintiff's damages "exceed $1,000,000" and that Plaintiff "is seeking monetary relief for an amount greater than $1,000,000."  (Compl. ¶ 20.) Plaintiff alleges that it "has spent and continues to spend large sums of money" (*id.* ¶ 17) as a result of Defendants' alleged conduct, including funds to pay for "health care, law enforcement, social services, public assistance, pharmaceutical care and other services necessary for its residents" (*id.* ¶ 19).  The Petition also asserts that Plaintiff will incur future damages for "counseling and medication assisted treatment of addicts, and continuing care in recovery programs related to substance use disorder, medical treatment for overdoses, life skills training for adolescents, increased law enforcement, and additional resources to treat the psychological effects of opioids."  (*Id.* ¶ 150.)  Plaintiff also seeks "punitive and exemplary damages," as well as "restitution on behalf of Galveston County consumers."  (*Id.* Prayer for Relief.)

## III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.     The Notice of Removal Is Timely

42.     This Notice of Removal is timely filed.  Purdue received the Petition through service on November 14, 2018.  Because Purdue filed this Notice of Removal on December 13, 2018, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined and Served Defendants Consent to Removal

43.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

44.     The following properly served Defendants consent to removal, as indicated by their signing below:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Insys Therapeutics, Inc.; Insys Manufacturing LLC, a wholly-owned subsidiary of Insys Therapeutics, Inc.;

45.     The following Defendants have not been properly served, and thus their consent to removal is not required:   Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; AbbVie Inc.; Knoll Pharmaceutical Company; Allergan PLC, f/k/a Actavis PLD f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Mallinckrodt PLC; McKesson Corporation; Cardinal Health Inc.; Amerisource Bergen Corporation; Amerisource Bergen Drug Corporation; nevertheless, they consent to removal.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

46.     By filing this Notice of Removal, neither Purdue nor any other Defendant waives any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Purdue and the remaining defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

**C.     Notice of Removal**

47.     Pursuant to 28 U.S.C. § 1446(d), Purdue will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

WHEREFORE, Purdue hereby removes this action from the 152nd Judicial District Court

of Harris County, Texas, to the United States District Court for the Southern District of Texas.

Dated:  December 13, 2018

Respectfully submitted,

*/s/ Noelle M.  Reed*

Noelle M.  Reed
State Bar No. 24044211
Federal Bar No. 27139
noelle.reed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas  77002
Tel:  (713) 655-5122
Fax: (713) 483-9122

*Counsel for Purdue Pharma L.P.; Purdue*
*Pharma Inc.; and The Purdue Frederick*
*Company*

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.;
INSYS MANUFACTURING LLC;

/s/ J.  Matthew Donohue*
J.  Matthew Donohue*
Joseph L.  Franco*
HOLLAND & KNIGHT LLP
2300 U.S.  Bancorp Tower
111 S.W.  Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*denotes national counsel who will seek pro hac vice admission*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served via email on the following counsel on December 13, 2018:

*County of Leon:*
> mcwatts@wattsguerra.com; ssanford@wattsguerra.com; aoneill@aoneill-law.com; mike@gld-law.com; pamm@gld-law.com; tfibich@fibichlaw.com

*Abbott Laboratories*
> JKO'Connor@Venable.com; JAMcCauley@Venable.com; ATErtas@Venable.com

*AbbVie Inc. and Knoll Pharmaceutical Company, a wholly-owned subsidiary of AbbVie Inc.*
> jlwilkes@jonesday.com; separker@jonesday.com; dbalden@jonesday.com

*Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.;  Allergan plc f/k/a Actavis plc;*
> wh@wsfirm.com; jennifer.levy@kirkland.com; donna.welch@kirkland.com; rothm@kirkland.com; tknapp@kirkland.com; zac.ciullo@kirkland.com; andrea@wsfirm.com

*AmerisourceBergen Corporation and AmerisourceBergen Drug Corporation*
> SMcClure@ReedSmith.com; SPerry@ReedSmith.com; MBernick@ReedSmith.com; RBuchhorn@reedsmith.com; ARollins@ReedSmith.com; SRocchino@reedsmith.com; NHlawatsch@reedsmith.com; LSchack@ReedSmith.com; melissa@gillamsmithlaw.com; james@litzlerlaw.com; AEMCH@jacksonkelly.com

*Cardinal Health, Inc*
> mmengis@bakerlaw.com; mraley@bakerlaw.com; emainigi@wc.com; lheard@wc.com; spyser@wc.com; ahardin@wc.com; EPistilli@wc.com;

*Endo Health Solutions Inc. and Endo Pharmaceuticals Inc.*
> John.Lombardo@arnoldporter.com; Sean.Morris@arnoldporter.com; hannah.sibiski@arnoldporter.com; Andrew.Bergman@arnoldporter.com

*Insys Therapeutics, Inc. and Insys Manufacturing, LLC*
> Joe.Franco@hklaw.com; Nicholas.Sarokhanian@hklaw.com; Matt.Donohue@hklaw.com; Gillian.Phillips@hklaw.com

*Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

smcconnico@scottdoug.com; agriffin@scottdoug.com; jcardelus@omm.com; kklorfein@omm.com; jzarrow@omm.com; clifland@omm.com; sbrody@omm.com; acollins@scottdoug.com; agoldberg@scottdoug.com; jellis@scottdoug.com

*Mallinckrodt plc*

Andrew.O'Connor@ropesgray.com; Brien.O'Connor@ropesgray.com; Rocky.Tsai@ropesgray.com; jparsons@pmmclaw.com; Leon.Kotlyar@ropesgray.com; Erin.Macgowan@ropesgray.com

*McKesson Corporation*

csmyser@skv.com; disaak@skv.com; razvan@skv.com; kadler@skv.com; tydoyle@skv.com; tmatthies@skv.com; swinner@cov.com; mrodgers@cov.com; russell.jessee@steptoe-johnson.com; crobles@skv.com

*Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Teva Pharmaceuticals USA, Inc.; and Teva Pharmaceuticals Industries, Ltd.*

christina.vitale@morganlewis.com; stacey.mahoney@morganlewis.com; brian.ercole@morganlewis.com; steven.reed@morganlewis.com; pamela.holly@morganlewis.com; melissa.coates@morganlewis.com; evan.jacobs@morganlewis.com

*/s/ Noelle M. Reed*
Noelle M. Reed
noelle.reed@skadden.com