| | |
|---|---|
| COUNTY OF LEON | |
|        Plaintiff, | |
| vs. | Case No. 4:18-cv-4709-KE |
| PURDUE PHARMA L.P., et al. | |
|        Defendants. | |

| | |
|---|---|
| COUNTY OF GALVESTON | |
|        Plaintiff, | |
| vs. | Case No. 4:18-cv-4708-SL |
| PURDUE PHARMA L.P., et al. | |
|        Defendants. | |

## JOINT MOTION TO REMAND

**NOW INTO COURT**, through the undersigned counsel, come Plaintiffs, COUNTY OF GALVESTON, TEXAS and COUNTY OF LEON, TEXAS, to move this Honorable Court to remand this matter to the 152nd Judicial District Court of Harris County, Texas, MDL No. 18-0358, In re: Texas Opioid Litigation, for the reasons set forth herein and in the memorandum filed contemporaneously herewith. This Joint Motion to Remand is filed for Plaintiffs because the issues presented and arguments thereon are the same and is being filed in both causes of action.

## I.

On December 14, 2018, Plaintiffs received notice of removal to the United States District Court for the Southern District of Texas by Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC. (collectively "Purdue"), INSYS THERAPEUTICS INC. and INSYS MANUFACTURING LLC (collectively "Insys").

Purdue and Insys allege that complete diversity is defeated on the basis that Purdue's resident Trustee moved to a State other than Texas sometime after December 20, 2017, but before the filing of Plaintiffs' actions on November 13, 2018. Purdue and Insys further allege that the resident Defendant, Insys Manufacturing, LLC is not a citizen of Texas for jurisdictional purposes because its alleged sole member is a resident of Arizona.

## II.

Plaintiffs oppose removal and move for remand to State court on the basis that this Court does not have subject matter jurisdiction over this matter. As more fully set forth in the accompanying Memorandum of Points and Authorities in Support, there is not complete diversity in this case because Plaintiffs and at least one defendant are Texas citizens. Purdue Pharma L.P. has a resident Trustee in the State of Texas. Insys Manufacturing LLC is incorporated in Texas.

The burden is on the removing Defendants to establish that these facts are not true for purposes of diversity jurisdiction. The removing Defendants have failed to meet that burden. Namely, the mere, unsupported allegation that Purdue's Trustee has moved from the State is not sufficient to support Purdue's burden. As more fully set forth in the Memorandum hereto, property records in Austin, Travis County, Texas show that Purdue's Trustee, Richard S. Sackler, has claimed a homestead exemption for 2018 on his property in Austin, Texas and maintains a current driver's license and voting registration in the State of Texas at that address. Similarly, Insys

Manufacturing LLC, a bulk manufacturer of controlled substances in Round Rock, Williamson County, Texas, has provided no support for either of its allegations: that Insys Development Company Inc. is its sole member or that it was not incorporated under the laws of Texas. For purposes of jurisdiction under Texas law, personal jurisdiction over Insys in Texas is satisfied because Insys Manufacturing LLC is incorporated under the laws of the State of Texas and operates its manufacturing facilities in Round Rock, Texas. Public records further call into question Insys' position by showing that Insys Manufacturing LLC is a wholly-owned subsidiary of Insys Therapeutics, Inc. and is Insys Therapeutics, Inc.'s manufacturing headquarters as a result of the reorganization of Insys Therapeutics, Inc. in or about 2016. Because Insys Manufacturing LLC's alleged sole member (Insys Development Company Inc.) is also shown in public records to be a wholly-owned subsidiary of Insys Therapeutics, Inc., Texas courts have subject matter jurisdiction over Insys Manufacturing LLC for purposes of diversity jurisdiction.

Six remands have occurred in opioid-related county litigation in Texas between December 20, 2017 and March 28, 2018, in part on the uncontroverted basis that Purdue L.P. is a citizen of Texas.[1] Since these remands issued, multiple other counties have sued without being removed by Purdue or Insys – i.e., Nueces County, Harrison County, El Paso County, Hidalgo County, Cameron County, Kerr County, Waller County, Burleson County, Grayson County and Liberty County.

Purdue and Insys transferred Plaintiffs out of their home districts of the Southern District of Texas, Galveston Division, and the Western District of Texas, Waco Division before filing this removal.[2]  This behavior is the essence of gamesmanship.

---

[1] The remands are Hopkins County, Travis County, Delta County, Dallas County, Falls County and Van Zandt County. See Ex. M to Plaintiffs' Memorandum filed contemporaneously herewith.
[2] *Harris County v. Purdue, et al.*, is the only opioid-related county case removed to Federal Court in Texas where the remand motion was not ruled upon *sua sponte* by the court. Harris County was ultimately sent to the federal MDL in

**WHEREFORE**, Plaintiffs respectfully request that this matter be remanded to the 152nd Judicial District Court of Harris County, Texas for further proceedings in MDL No. 18-0358, In Re: Texas Opioid Litigation.

Dated: December 18, 2018

Respectfully submitted,

By:     */s/ Tommy Fibich*
        Tommy Fibich
        **FIBICH, LEEBRON, COPELAND & BRIGGS**
        1150 Bissonnet Street
        Houston, Texas 77005
        Telephone:  (713) 751-0025
        Facsimile:  (713) 751-0030
        Email:  tfibich@fibichlaw.com

        */s/ Shelly A. Sanford*
        TX State Bar No. 00784904
        Federal Bar No. 19105
        Mikal C. Watts
        TX State Bar No. 20981820
        Federal Bar No. 12419
        **WATTS GUERRA LLP**
        811 Barton Springs Rd., Ste. 725
        Austin, TX 78704
        Telephone:  (512) 479-0500
        Facsimile:  (512) 479-0502
        Email:  ssanford@wattsguerra.com
                mcwatts@wattsguerra.com

        *Attorney-in-Charge*

        James Caleb Henson
        County Attorney
        Leon County
        130 E. St. Mary
        P.O. Box 429
        Centerville, Texas 75833
        (903) 536-7044 (Telephone)
        (903) 536-7044 (Facsimile)

---

the Northern District of Ohio without a ruling on its remand motion, which to date has not been heard. Meanwhile, the Texas Judicial Panel on Multi-District Litigation assigned the Texas entity opioid MDL to Judge David Peeples, who recused, and then to the 152d Judicial District Court of Harris County, Texas for purposes of coordination of pre-trial proceedings before being remanded back to each Plaintiff's home district for trial.

Alicia O'Neill
**O'NEILL LAW**
601 Pennsylvania Ave. NW, Suite 900
Washington, DC 20004
Telephone:  (202) 629-0535
Email:  aoneill@aoneill-law.com

Mike Gallagher
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066
Email:  mike@gld-law.com

**COUNSEL FOR PLAINTIFF
LEON COUNTY, TEXAS**

*/s/ Shelly A. Sanford*
Shelly A. Sanford
TX State Bar No. 00784904
Federal Bar No. 19105
Mikal C. Watts
TX State Bar No. 20981820
Federal Bar No. 12419
**WATTS GUERRA LLP**
811 Barton Springs Rd., Ste. 725
Austin, TX 78704
Telephone:  (512) 479-0500
Facsimile:  (512) 479-0502
Email:  ssanford@wattsguerra.com
          mcwatts@wattsguerra.com

*/s/ Tommy Fibich*
Tommy Fibich
**FIBICH, LEEBRON, COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  (713) 751-0025
Facsimile:  (713) 751-0030
Email:  tfibich@fibichlaw.com

*Attorney-in-Charge*

Robert B. Boemer
Galveston County Legal Department
722 Moody, 5th Floor
Galveston, TX 77550-2317
Telephone:  (409) 770-5562
Facsimile:  (409) 770-5560
Email: bob.boemer@co.galveston.tx.us

Jack Roady
Galveston County Criminal District Attorney
600-59th Street, Suite 101
Galveston, TX 7755
Telephone:  (409) 766-2355
Facsimile:  (409) 766-2290
Email: jack.roady@co.galveston.tx.us

Alicia O'Neill
**O'NEILL LAW**
601 Pennsylvania Ave. NW, Suite 900
Washington, DC 20004
Telephone:  (202) 629-0535
Email:  aoneill@aoneill-law.com

Mike Gallagher
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066
Email:  mike@gld-law.com

**COUNSEL FOR PLAINTIFF
GALVESTON COUNTY, TEXAS**

## <u>CERTIFICATE OF CONFERENCE</u>

Plaintiffs' counsel conferred with Noelle Reed, Lead Attorney and counsel for the Purdue Defendants, and Matt Donohue and Joe Franco, Lead Attorneys and counsel for the Insys Defendants, on December 16, 2018, and have made a reasonable effort to reach an agreement about Plaintiffs' Motion to Remand. Counsel opposes the motion.

Therefore, this matter is presented to the Court for determination.

*/s/ Shelly A. Sanford*
Shelly A. Sanford

**CERTIFICATE OF SERVICE**

I certify on the 18th day of December, 2018, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Tommy Fibich*
Tommy Fibich

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

COUNTY OF LEON

        Plaintiff,

vs.

PURDUE PHARMA L.P., et al.

        Defendants.

Case No. 4:18-cv-4709-KE

COUNTY OF GALVESTON

        Plaintiff,

vs.

PURDUE PHARMA L.P., et al.

        Defendants.

Case No. 4:18-cv-4708-SL

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

# I.     Introduction and Authority

On November 13, 2018, Plaintiffs filed separate causes of action in State court in Galveston County and Leon County, respectively. These claims are among the hundreds of actions filed by local government entities against the manufacturers and distributers of opioids relating to the opioid epidemic. On November 14, 2018, Plaintiffs served resident defendants, Purdue and Insys Manufacturing, LLC (hereinafter, "Insys LLC"), with process in each of the actions. Ex. A.  On December 7, 2018, Defendants transferred the actions out of their home districts to MDL No. 18-0358, In re: Texas Opioid Litigation, in the 152nd Judicial District Court of Harris County, Texas.[3] On December 13, 2018, Purdue and Insys LLC removed Plaintiffs to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1332, 1441, and 1446, alleging complete diversity between Plaintiffs, (who are Texas citizens) and all defendants.

It is axiomatic that federal courts have limited jurisdiction, extending only to cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Coury v. Prot*, 85 F. 3d 244, 248 (5th Cir. 1996). Purdue and Insys, as the parties seeking federal jurisdiction, have the burden to establish that removal jurisdiction is appropriate, and the removal statute is strictly construed against removal jurisdiction because "removal jurisdiction raises significant federalism concerns." *See Willy v. Coastal Corp.*, 855 F. 2d 1160, 1164 (5th Cir. 1988); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Any doubt as to the right of removal is resolved in favor of remand. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

---

[3] Arguably Removal Defendants transferred Plaintiffs as tag-along-actions so that they could avail themselves of the forum of the S.D. of Texas, which is the only jurisdiction where a motion to remand (Harris County v. Purdue, et al.) in the opioid litigation was not ruled upon *sua sponte* and was thus transferred to the federal MDL in the N.D. of Ohio. Plaintiffs contend that this tag-along constitutes an appearance by the Removal Defendants in the Texas courts.  A plea to the jurisdiction must be filed before any motion to transfer or the party has appeared. Tex. R. Civ. P. 120a(1).

Here, the removal is based upon unsubstantiated allegations in the notice of removal, which are insufficient to establish diversity jurisdiction. *See Settlement Funding LLC v. Rapid Settlements*, 851 F. 3d 530, 536 (5th Cir. 2017); *Birdy Properties LLC v. Evans, et al.*, C.A. S.A.-13-CV-1090-XR, 2014 WL 31318, *2 (W.D. Tex. – San Antonio, Jan. 3, 2014)("bald assertions" of citizenship will not establish jurisdiction). Indeed, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot*, 85 F. 3d at 248. Removal jurisdiction depends on the plaintiff's State court pleadings at the time of removal. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1(2003). The removing party bears the burden of showing that the court has jurisdiction by a preponderance of the evidence. *May v. New Century Mfrg. Corp.,* No. H-16-1272-SL, 2016 WL 8792317, *1 (S.D. Tex .- Houston, Sept. 16, 2016); citing *Kidd v. Southwest Airlines, Co.,* 891 F.2d 540,546 (5th Cir. 1990). Ambiguities or doubt are to be construed against removal and in favor of remand. *Manguno v. Prudential Property and Cas. Co.,* 276 F. 3d 720, 723 (5th Cir. 2002).

## II.   PURDUE HAS NOT MET ITS BURDEN TO ESTABLISH DIVERSITY JURISDICTION BY A PREPONDERANCE OF THE EVIDENCE

Purdue alleges that its resident Trustee moved from Texas to another unidentified State sometime between December 20, 2017 and the date Plaintiffs action was filed on November 13, 2018. Purdue does not dispute that Purdue Pharma L.P.'s Trustee was a resident of Texas and that his Texas residence defeated diversity jurisdiction in the six cases remanded between December 20, 2017 and March 28, 2018. Nor did Purdue remove any cases filed after March 28, 2018 in Texas State court for Nueces County (July 3, 2018), Grayson County (June 19, 2018), Harrison County (April 13, 2018), El Paso County (May 23, 2018), Hidalgo County (April 12, 2018), Waller County (April 12, 2018), Liberty County (April 12, 2018), Kerr County (April 30, 2018), Cameron County (April 12, 2018), and Burleson County (April 12, 2018).

More importantly, however, Purdue provides no evidence or specificity as to the Trustee nor any fact that supports the allegation that the Trustee is no longer a resident of Texas. Plaintiffs' State court pleadings expressly allege that a Trustee of Purdue Pharma L.P. is a Texas resident. Purdue claims that the Trustee was no longer domiciled in Texas as of an unknown point of time up to November 13, 2018. However, on questions of domicile, there is a presumption of *continuing domicile* when a person actually relocates. *M.A. v. KFC Corporation*, C.A. No. 4:17-CV-03114, 2018 WL 4233814 (S.D. Tex. – Houston, June 13, 2018)(emphasis added); *Galladora v. Waffle House, Inc.*, 2016 WL 3136229, at *2 (E.D. La. June 6, 2016) (*citing Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)). To defeat this presumption, the proponent of a change in domicile must demonstrate both "(1) physical presence at the new location, and (2) an intention to remain there indefinitely." *Id.* (*citing Coury*, 85 F.3d at 250). Even when a statement of intent and supportive affidavit are provided, such statements are entitled to little weight if they conflict with the objective facts. *Id.* at 251. There has been no demonstration by Purdue of either prong.

The Trustee is believed by Plaintiffs to be Richard S. Sackler, of Austin, Texas, who is a billionaire former Chairman and President of Purdue Pharma L.P. and the developer of the opioid OxyContin.[4] Mr. Sackler has resided in Texas since approximately 2013. Travis County property records for 2018 show that Richard S. Sackler owns a residential property at 14 Cicero Lane, in the Rob Roy subdivision of Austin, Texas, and that Mr. Sackler claims a homestead exemption on this property as of 2018. Ex. B.

---

[4] Keefer, PR, The Family That Built An Empire of Pain: The Sackler dynasty's ruthless marketing of painkillers has generated billions of dollars — and millions of addicts; The New Yorker, Oct. 13, 2017; https://www.newyorker.com/magazine/2017/10/30/the-family-that-built-an-empire-of-pain

While separate Travis County records show a warranty deed transfer of the property at 14 Cicero Lane, on approximately June 18, 2018 by Mr. Sackler as Grantor, c/o Purdue Pharma L.P., to Kimberly and Stephen Yarger, as Grantees (Ex. C), the property records show that the Yarger's reside in the Rob Roy Subdivision and claim a 2018 homestead exemption on a separate property there.  Ex. D.  It is unclear whether Mr. Sackler has moved from the State or still maintains residency in Texas or dual residency with another State. Mr. Sackler's Texas driver's license is currently active until 2020, and there has not been a change of address associated with that license as of the date of this filing nor has his current voter registration been changed from this address.[5] After the date of the Warranty deed (June 18, 2018), Grayson County filed suit (June 19, 2018) and served on Purdue. Ex. E.  The County of El Paso also filed suit and service on Purdue, and that action occurred on June 28, 2018. Ex. F.  While defendants transferred the Nueces County and El Paso cases into the Texas MDL when the MDL was before Judge David Peeples[6] in the San Antonio State District Court, those actions were not removed. These documents and filings raise questions as to the genuineness of Purdue's claims in the current Removal, and specifically as to whether, when, or if Purdue's resident Trustee allegedly established residency outside of the State of Texas.[7] As such, the continuing domicile presumption attaches, and Purdue has failed to meet its burden to establish diversity.

---

[5] Information obtained from publicdata.com and https://www.votetravis.com/vexpress/submit.do
[6]  As noted in the Removal, Judge Peeples voluntarily recused himself and the JPML re-assigned the MDL to Judge Schaffer in Harris County.
[7]  The Court may take judicial notice of the matters of public record presented herein. *See* Fed R. Evid. 201(b); *Funk v. Stryker Corp.* 633 F. 3d 777, 783 (5th Cir. 2011); *Caldwell v. Parker University*, No. 3:18-CV-1617-BN, 2018 WL 6199287, *2 (N.D. Tex. Nov. 27, 2018); *Awards Depot, LLC v. Trophy Depot, Inc.*, No. H-18-1838, 2018 WL 5791958, *3 (S.D. Tex. Nov. 5, 2018).

**III.    INSYS HAS NOT MET ITS BURDEN TO ESTABLISH DIVERSITY
JURISDICTION BY A PREPONDERANCE OF THE EVIDENCE**

Removing Defendants further allege that while Insys LLC has its principal place of business and manufacturing facilities in Round Rock, Williamson County, Texas, it also has a single member of the LLC -- Insys Development Company, Inc (hereinafter "Insys DC"). Because the citizenship of an LLC is determined by the citizenship of all of its members, that determination moves up the chain of companies until it ends. Although Insys DC's citizenship was not set out in the removal, patent filings by Insys in Delaware, contemporaneous to the filing of Plaintiffs' petitions here, state that it is a wholly-owned subsidiary of Insys Therapeutics, Inc. (hereinafter, "Insys Tx"). Ex. G. As such, and as more fully set forth below, Texas courts have subject matter jurisdiction over Insys LLC for purposes of diversity jurisdiction, and remand is warranted.

Plaintiffs Original Petitions states that "INSYS MANUFACTURING LLC is a duly formed Texas entity and resident and is a wholly owned subsidiary of INSYS THERAPEUTICS, INC. INSYS MANUFACTURING LLC's principal place of business is in Round Rock, Texas." The organizational formation of Insys LLC in Texas is not disputed. Rather, the removing defendants contend that an LLC is only subject to general personal jurisdiction in states in which its members are citizens and that diversity fails since its only member is alleged to not be a Texas citizen. However, the alleged sole member is also a wholly-owned subsidiary of Insys Tx, which makes its manufacturing headquarters at Insys LLC in Texas. In addition, the emergent national and Texas rule is that a corporation can be sued in the forum state where it is incorporated *or* headquartered in that State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 180 L. Ed. 2d 796 (2011); *Daimler AG v. Bauman*, 571 U.S. 117, 135-36, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014); *BNSF Railway v Tyrrell*, --U.S.--, 137 S. Ct 1549, 1559, 198 L. Ed. 2d 36 (2017). There is no dispute that "Insys Manufacturing, LLC" is a company

incorporated under the laws of the State of Texas with a place of business at 2700 Oakmont, Round Rock, TX 78665." Ex. J. Further, Insys Therapeutics, Inc. makes its financial headquarters in Chandler, Arizona and its manufacturing headquarters at its Round Rock, Texas, facilities – Insys Manufacturing LLC.[8]

Further – and similar to the blanket assertions as to the residency of Purdue's own Trustee in Texas -- Insys does nothing to establish that Insys Development Company, Inc. is in fact the sole member of Insys LLC or when this development may have occurred if accurate. Neither has Insys removed any of the other opioid actions filed against it, which are pending in the Texas MDL, with the same Insys Defendants.[9]

Instead, in direct contrast to Insys' allegation about its sole member, SEC filings as recent as September 30, 2018 identify Insys LLC as a manufacturing subsidiary of Insys Tx after corporate restructuring in 2017. Ex. H. In addition, the Texas Secretary of State corporate franchise tax records show that Insys LLC's jurisdiction of organization is Texas. Ex. I; *see also* Ex. J (SEC attachment setting out that "INSYS MANUFACTURING, LLC, [is] a company incorporated under the laws of the State of Texas, with a place of business at 2700 Oakmont, Round Rock, TX 78665").[10] Further, Insys Tx assigned its manufacturing rights to Insys LLC as a result of a restructure in approximately 2016. Ex. J.

---

[8] *See infra* at n. 9, wherein Insys Therapeutics Inc. assigned its manufacturing rights to Insys Manufacturing LLC as part of corporate restructuring.

[9] Counsel for Galveston County and Leon County brought identical claims against Insys and Purdue on behalf of Hidalgo County, Burleson County, Liberty County, Waller County, Cameron County, El Paso County, Harrison County, and Kerr County, each served on Insys and pending in the Texas MDL without having been removed.

[10] Exhibit J, Background, Paragraph 2, also states that "[i]n connection with a reorganization of INSYS THERAPEUTICS, INC., effective January 1, 2016, [Supplier] agreed to the assignment by INSYS THERAPEUTICS, INC. to [INSYS MANUFACTURING, LLC] (as defined in this Amendment No. 4) all rights, title, interests, duties and obligations under and to the Manufacturing Agreement." *Id.* at p. 1. This is consistent with the current SEC filings of INSYS THERAPEUTICS, INC. noting that its financial headquarters Is in Chandler, Arizona, while its manufacturing facilities are in Round Rock, Texas. Ex. K, p. 44.

Likewise, Insys Tx's Annual Report, form 10-k, filed in March of 2018, further states that its "corporate headquarters and other facilities are located in Chandler, Arizona *and* Round Rock, Texas." Ex. K at p. 44 (emphasis added). Significantly, though, nowhere do these documents support the removing Defendants allegations.

Insys has wholly failed to substantiate the allegation that the sole member of Insys LLC is Insys DC, the citizenship of this alleged member, and that jurisdiction in Texas over Insys LLC is not proper.

Plaintiffs have properly alleged that Insys LLC is organized under the laws of Texas and exists pursuant to those laws; that Insys LLC is a wholly-owned subsidiary of Insys Tx; that Insys DC is a wholly-owned subsidiary of Insys Tx; that Insys Tx has assigned its manufacturing headquarters to Insys LLC in Round Rock Texas; and that Insys LLC has its principal place of business in Round Rock, Texas. Thus, Texas courts have personal and subject matter jurisdiction over Insys LLC. Further, in addition to the established federal law cited *supra* in this Section, a defendant incorporated in Texas is subject to the State's personal jurisdiction over that entity. *See Michelin North America, Inc. v. Lopez de Santiago,* No. 08-17-00119-CV, 2018 WL 3654919, *11 (Tex. App. – El Paso Aug. 2, 2018, pet pending). Insys LLC's status as an entity organized in Texas is also sufficient to invoke the forum defendant rule under 28 U.S.C. § 1441(b)(2) — namely, that "(2) [a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Accordingly, Plaintiffs ask this Court to reject the removal defendants' arguments because neither Purdue nor Insys has met their burden to establish the alleged facts that they contend establish diversity jurisdiction for Purdue and Insys LLC.

## IV.    **A PROMPT RULING ON REMAND IS WARRANTED**

Galveston County and Leon County deserve a prompt ruling on the Motion to Remand. If these claims remain in federal court, they will be transferred to Multidistrict Litigation Docket No. 2804 in the Northern District of Ohio, where there is a "moratorium on substantive filings," including motions to remand.[11] Thus, should the cases be transferred to the federal MDL, it appears that the question of subject matter jurisdiction over Plaintiffs' claims would languish and not be considered – at least for some significant, and indeterminate amount of time.

Diversity jurisdiction in the federal courts is carefully limited, and subject matter jurisdiction may be challenged at any time. *Ziegler v. Champion Mtge. Co.*, 913 F.2d 228, 229 (5th Cir. 1990)(raising jurisdictional issue on its own motion and determining that, because there was not complete diversity, the federal courts had never obtained subject matter jurisdiction and judgment had to be vacated); *see also* 28 U.S.C. §1447(c) ("If at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Federal MDL Judge Polster has recognized this fact, noting that "upon lifting of the moratorium by subsequent order of th[e] court, the parties shall be allowed to file motions to remand without waiver of any rights or obligations related to timeliness."[12] But the fact that Plaintiffs might one day be allowed to present a motion to remand in the MDL does not adequately protect their rights. Neither Galveston County nor Leon County have claims that belong in federal court, and they should not be held in the federal MDL without subject matter jurisdiction. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F. 3d 256, 264 n. 16 (5th Cir. 1995) ("It is also consistent with Congress' intent to resolve swiftly removal issues, as reflected in the removal and remand statutes, 28 U.S.C.

---

[11] *See* Ex. L, In re: National Prescription Opiate Litigation, case no. 1:17-md-2804, Order Regarding Remands (NDOH, Feb. 16, 2018)(Judge Polster).
[12] *Id.*

§§1446-1447"). Almost all of the other Texas entities are proceeding in the Texas MDL in Harris County District Court. Moreover, the Court should not reward Purdue for its attempts to game the system to remove these actions. Specifically, Purdue and Insys transferred these actions to the Texas MDL instead of removing them in their home forums where the actions would ultimately be tried, allowing Purdue and Insys to avail themselves of this Court's venue instead of the venue of the federal district court of the filed actions. This was presumably on the assumption Harris County v. Purdue is the only opioid-related matter in which the court did not rule on the remand prior to the cases being transferred to the federal MDL.

Plaintiffs believe that the unsubstantiated allegations of diversity by Purdue and Insys warrant remand at the earliest possible opportunity. This is consistent with the principle that any doubt as to the right of removal is resolved in favor of remand. *See Acuna v. Brown & Root, Inc.,* 200 F. 3d 335, 339 (5th Cir. 2000); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). Here, Purdue's and Insys' removal is based upon unestablished allegations, which are not enough to establish diversity jurisdiction. Their contentions are further contrary to established law and facts as noted herein.

Plaintiffs believe this transfer joined in by Removal Defendants constituted a general appearance in the State action. Specifically, a special appearance motion in Texas must be filed before any motion to transfer venue or any other plea, pleading, or motion [Tex. R. Civ. P. 120a(1)]. This is sometimes referred to as the due-order-of-pleading requirement. *See Exito Elecs. Co. v. Trejo,*142 S.W.3d 302, 305–306 (Tex. 2004) A special appearance motion must be heard and determined before any other plea, pleading, or motion is presented by the movant or heard by

the court with the movant's acquiescence, unless the matter is consistent with the jurisdictional challenge [Tex. R. Civ. P. 120a(2)].

## IV.    <u>CONCLUSION</u>

Remand is warranted and required because there is not complete diversity among all parties, depriving this Court of subject matter jurisdiction. Plaintiffs Galveston County and Leon County, and Defendants Purdue Pharma, L.P. and Insys LLC, are each Texas citizens. Plaintiff therefore requests that this case be summarily remanded to the 152nd District Court of Harris County, Texas, for further proceeding in MDL No. 18-0358.

Respectfully submitted,

By: 	*/s/ Tommy Fibich*
	Tommy Fibich
	**FIBICH, LEEBRON, COPELAND & BRIGGS**
	1150 Bissonnet Street
	Houston, Texas 77005
	Telephone: (713) 751-0025
	Facsimile: (713) 751-0030
	Email: tfibich@fibichlaw.com

	*/s/ Shelly A. Sanford*
	TX State Bar No. 00784904
	Federal Bar No. 19105
	Mikal C. Watts
	TX State Bar No. 20981820
	Federal Bar No. 12419
	**WATTS GUERRA LLP**
	811 Barton Springs Rd., Ste. 725
	Austin, TX 78704
	Telephone: (512) 479-0500
	Facsimile: (512) 479-0502
	Email: ssanford@wattsguerra.com
	      mcwatts@wattsguerra.com

	*Attorney-in-Charge*

	James Caleb Henson
	County Attorney
	Leon County
	130 E. St. Mary
	P.O. Box 429
	Centerville, Texas 75833
	(903) 536-7044 (Telephone)
	(903) 536-7044 (Facsimile)

	Alicia O'Neill
	**O'NEILL LAW**
	601 Pennsylvania Ave. NW, Suite 900
	Washington, DC 20004
	Telephone: (202) 629-0535
	Email: aoneill@aoneill-law.com

1

Mike Gallagher
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:  (713) 222-0066
Email:  mike@gld-law.com

**COUNSEL FOR PLAINTIFF**
**LEON COUNTY, TEXAS**

*/s/ Shelly A. Sanford*
Shelly A. Sanford
TX State Bar No. 00784904
Federal Bar No. 19105
Mikal C. Watts
TX State Bar No. 20981820
Federal Bar No. 12419
**WATTS GUERRA LLP**
811 Barton Springs Rd., Ste. 725
Austin, TX 78704
Telephone:  (512) 479-0500
Facsimile:  (512) 479-0502
Email:  ssanford@wattsguerra.com
         mcwatts@wattsguerra.com

*/s/ Tommy Fibich*
Tommy Fibich
**FIBICH, LEEBRON, COPELAND & BRIGGS**
1150 Bissonnet Street
Houston, Texas 77005
Telephone:  (713) 751-0025
Facsimile:  (713) 751-0030
Email:  tfibich@fibichlaw.com

*Attorney-in-Charge*

Robert B. Boemer
Galveston County Legal Department
722 Moody, 5th Floor
Galveston, TX 77550-2317
Telephone:  (409) 770-5562
Facsimile:  (409) 770-5560
Email: bob.boemer@co.galveston.tx.us

Jack Roady
Galveston County Criminal District Attorney
600-59th Street, Suite 101
Galveston, TX 7755
Telephone:  (409) 766-2355
Facsimile:   (409) 766-2290
Email: jack.roady@co.galveston.tx.us

Alicia O'Neill
**O'NEILL LAW**
601 Pennsylvania Ave. NW, Suite 900
Washington, DC 20004
Telephone:  (202) 629-0535
Email:  aoneill@aoneill-law.com

Mike Gallagher
**THE GALLAGHER LAW FIRM**
2905 Sackett Street
Houston, Texas 77098
Telephone:  (713) 222-8080
Facsimile:   (713) 222-0066
Email:  mike@gld-law.com

**COUNSEL FOR PLAINTIFF**
**GALVESTON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify on the 18th  day of December, 2018, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Tommy Fibich*
Tommy Fibich